DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:    EMILY DEININGER
       SHEB SWETT
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                    :

                                             :

                Plaintiff,                   :

            -v.-                             :

$3,979,386.00 IN UNITED STATES              :
CURRENCY FORMERLY ON DEPOSIT
IN EAST WEST BANK ACCOUNT                           VERIFIED CIVIL COMPLAINT
808300XXXX; AND                              :      FOR FORFEITURE

$220,614.00 IN UNITED STATES                :       22 Civ.  22-646
CURRENCYFORMERLY ON DEPOSIT IN
BANK OF AMERICA ACCOUNT                      :
94462XXXX;
                                             :
                Defendants-*in-rem*.
                                             :

                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff United States of America, by its attorney, Damian Williams, United

States Attorney for the Southern District of New York, for its verified civil complaint, alleges,

upon information and belief, as follows:

1

## JURISDICTION AND VENUE

1.     This action is brought pursuant to Title 18, United States Code, Section

981(a)(1)(A) and Title 21, United States Code, Section 881, by the United States of America

seeking the forfeiture of the following funds:

(a) $3,979,386 in United States currency formerly on deposit in East West Bank

account 808300XXXX held in the name of a professional corporation (the

"Company"); and

(b) $273,351 in United States currency formerly on deposit in Bank of America

account 94462XXXX held in the name of the Company

((a) and (b) together, the Defendants-*in-rem*).

2.     This Court has original jurisdiction over this forfeiture action pursuant to

Title 28, United States Code, Sections 1345 and 1355.

3.     Venue is proper pursuant to Title 28, United States Code, Section

1355(b)(1)(A), which provides that a forfeiture action may be brought in the district court for the

district in which any of the acts or omissions giving rise to the forfeiture occurred, and pursuant

to Section 1395(b) and (c) of the same title, which provides that a civil forfeiture proceeding for

the forfeiture of property may be brought "in any district where such property is found" or "any

district into which the property is brought."

4.     Agents of the United States Drug Enforcement Administration ("DEA")

seized the Defendants-*in-rem* pursuant to seizure warrants issued by the United States District

Court for the Southern District of New York as part of the DEA's investigation into money

2

laundering operations organized to launder proceeds from the sale of narcotics.

5.     The Defendants-*in-rem* are currently held in the Seized Asset Deposit Fund Account of the United States Marshals Service (the "USMS").

6.     As set forth below, the Defendants-*in-rem* are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering) and 1957 (monetary transactions involving property of specified unlawful activity), or property traceable thereto, and pursuant to Title 21, United States Code, Section 881 as moneys furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys or real property used or intended to be used to facilitate a violation of Subchapter 1 of Title 21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

7.     Drug trafficking organizations ("DTOs") based in Mexico and elsewhere often transfer their narcotics proceeds from the United States to the country in which the DTO operates through a shadow financial system commonly known as the Black Market Peso Exchange ("BMPE").    DTOs, after having amassed bulk United States currency, will sell that currency to money-laundering brokers at a discount, who retrieve the bulk cash in the United States and deposit it into shell accounts in the United States while paying the DTOs for the bulk cash in pesos. At the same time, the money-laundering brokers will purchase bulk pesos from individuals in Mexico or elsewhere who wish to transfer money to the United States while circumventing the banking system. The money-laundering brokers will pay for these pesos by

transferring narcotics proceeds from the U.S.-based shell accounts to accounts controlled by the individuals.

8.      As part of an investigation of international money laundering, the DEA used confidential sources to facilitate certain transactions on the BMPE in order to develop evidence for criminal prosecutions (the "DEA Undercover Operation"). When the confidential sources accepted narcotics proceeds on the BMPE, those funds were retrieved by either an undercover law enforcement officer or a cooperating source, and then deposited into a DEA undercover account until the confidential sources received instructions from the money-laundering brokers about where to send the proceeds.

9.      The Company is a California limited liability corporation formed in 1987.

10.     East West Bank account 808300XXXX held in the name of the Company is a business checking account that was opened in and around June 2013 ("Target Account-1").

11.     Bank of America account 94462XXXX held in the name of the Company is a business checking account that was opened in or about May 2015 ("Target Account-2").

## Transactions in Target Account-1

12.     Between in or about April 2020 and in or about October 2020, law enforcement agents involved in the DEA Undercover Operation sent approximately fifteen wire transfers, totaling approximately $486,960, to Target Account-1.

13.     Between in or about 2014 through in or about 2020, DEA agents and Homeland Security Investigations ("HSI") agents conducting other drug and money laundering investigations, working with confidential sources and utilizing undercover bank accounts, sent

wire tranfers from DEA undercover accounts to Target Account-1 at the direction of money-laundering brokers for a total amount of approximately $3,492,426.

## Transactions in Target Account-2

14.     In or about 2020, agents involved in the DEA Undercover Operation, together with other DEA and HSI agents conducting narcotics and money laundering investigations, working with confidential sources and utilizing undercover bank accounts, sent wire transfers to Target Account-2 at the direction of money-laundering brokers on approximately nine occasions totaling at least $220,614.

## CLAIMS FOR FORFEITURE

### Forfeiture Under 18 U.S.C. § 981
### (Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)

15.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

16.      By reason of the foregoing the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A).

17.     Title 18, United States Code, Section 981(a)(1)(A) subjects to civil forfeiture:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

18.      Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) impose a criminal penalty on any person who:

5

knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

. . .

(A)(i)   with the intent to promote the carrying on of specified unlawful activity;

. . .

(B)   knowing that the transaction is designed in whole or in part –

(i)   to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

19.     For purposes of Section 1956, "specified unlawful activity," defined in Title 18, United States Code, Section 1956(c)(7), includes, among other things, racketeering activity as defined in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn, defines racketeering activity to include "felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in**
**Violation of 18 U.S.C. § 1957 or Property Traceable to Such Property)**

20.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

6

21.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A) any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, or any property traceable to such property, is subject to forfeiture to the United States.

22.     Title 18, United States Code, Section 1957 imposes a criminal penalty on any person who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Section 1957(f)(1) defines monetary transaction to include the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds . . . ." Section 1957(f)(3) defines "specified unlawful activity" and "proceeds" as "the meaning given those terms in section 1956" of Title 18.

23.     As set forth above, pursuant to Title 18, United States Code, Sections 1956(c)(7) and 1961(1), felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance is a specified unlawful activity for the purposes of Section 1957. *See* ¶ 23, *supra*.

24.     By reason of the foregoing the Defendants-*in-rem* are also subject to forfeiture to the United States pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(A) as (i) property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or property traceable to such property, and (ii) property involved in a monetary transaction in criminally derived property, in violation of Title 18, United States Code, Section 1957, or property traceable

7

to such property.

### Forfeiture Under 21 U.S.C. § 881(a)(6)
### (Moneys Furnished in Exchange for a Controlled Substance or Proceeds Traceable to Such an Exchange or Moneys Used to Facilitate Violation of the Control and Enforcement Provisions of United States Code Regarding Drug Abuse Prevention and Control)

25.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

26.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

By reason of the foregoing the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6) as (i) moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Control and Enforcement provisions of Title 21 of the United States Code regarding Drug Abuse and Prevention Control; (ii) proceeds traceable to such an exchange; and (iii) moneys used or intended to be used to facilitate any violation of the Control and Enforcement provisions of Title 21 of the United States Code regarding Drug Abuse and Prevention Control.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-*in-rem* and that all persons having an interest in the Defendants-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-*in-rem* to the United States of America for

disposition according to law, and that this Court grant plaintiff such further relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 24, 2022

>                              DAMIAN WILLIAMS
>                              United States Attorney for the
>                              Southern District of New York
>                              Attorney for the Plaintiff
>                              United States of America
>
> By:   _____
>                              EMILY DEININGER
>                              SHEB SWETT
>                              Assistant United States Attorney
>                              One St. Andrew's Plaza
>                              New York, New York 10007
>                              Telephone: (212) 637-2472

## **VERIFICATION**

STATE OF NEW YORK             )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK  )

         EDWARD M. MATEO, pursuant to Title 28, United States Code, Section 1746,

hereby declares under penalty of perjury that he is a Special Agent with the Drug Enforcement

Administration; that he has read the foregoing Verified Complaint and knows the contents

thereof; that the same is true to the best of his knowledge, information and belief; and that the

sources of his information and the grounds of his belief are his personal involvement in the

investigation, and conversations with and documents prepared by law enforcement officers and

others.

_____
EDWARD MATEO
Special Agent
Drug Enforcement Administration

Executed on this
24th day of January, 2022